UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSE TEYSSIER PINEDA, <br> A #221-491-818, <br>   Petitioner, <br><br> VS. <br><br> KRISTI NOEM, *et al.*, <br><br>   Respondents. | § § § § § § § § § § CIVIL ACTION NO. 4:25-CV-06011 |

### ORDER OF DISMISSAL

  The petitioner, Jose Teyssier Pineda, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials at the Joe Corley Processing Center in Conroe, Texas. Through counsel, he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention. Doc. No. 1. Respondents have filed a response and motion for summary judgment, (Doc. No. 10), to which petitioner has filed a reply (Doc. No. 12).

  The undisputed facts in the record show that Petitioner is a noncitizen who entered the United States without inspection. Petitioner contends that he is entitled to a bond hearing under 8 U.S.C. § 1226(a), the statute permitting discretionary bond, and that he has been erroneously categorized as a detainee subject to 8 U.S.C. § 1225(b)(2), the mandatory detention statute. His arguments regarding sections 1225 and 1226 are foreclosed by the Fifth Circuit's recent panel decision in *Buenrostro-Mendez v. Bondi*, --- F.4th ----, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). Likewise, his arguments regarding the

class action in *Maldonado Bautista v. Santacruz*, --- F.Supp.3d ----, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), fail because they are based on an interpretation of sections 1225 and 1226 that was rejected in *Buenrostro-Mendez*. See *Maldonado Bautista*, 2025 WL 3713987, at *8-12. In addition, Petitioner's Fifth Amendment Due Process Clause claim is precluded, at this juncture, by *Demore v. Kim*, 538 U.S. 510, 531 (2003), because "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* (citations omitted); *see also Jennings v. Rodriquez*, 583 U.S. 281, 297 (2018) (explaining that "§§1225(b)(1) and 1225(b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded").

Accordingly, the Court **ORDERS** as follows:

1. The petition (Doc. No. 1) is **DENIED**.

2. Respondents' motion for summary judgment (Doc. No. 10) is **GRANTED**.

3. This case is **DISMISSED without prejudice**.

4. All other pending motions, if any, are **DENIED as MOOT**.

5. If the Fifth Circuit, *en banc*, or the United States Supreme Court enters a decision that is contrary to this Order or to the panel decision in *Buenrostro-Mendez v. Bondi*, *supra*, Petitioner is granted leave to file a motion for reconsideration or initiate a separate petition.

**SO ORDERED**.

SIGNED this ___13th___ day of February 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE